

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES F. SMITH,
    Petitioner,

                    CIVIL ACTION
v.                     NO. 07-451

UNITED STATES OF AMERICA,
    Respondent.            CRIMINAL ACTION
                    NO. 02-165

**MEMORANDUM ORDER**

Tucker, J.                                       August __, 2007

    Presently before this Court is Petitioner James Smith's Habeas Corpus Petition to Vacate/Set Aside/Correct Sentence Pursuant to U.S.C. § 2255 (Doc. 465), and the Government's Response in Opposition (Doc. 468). Petitioner claims ineffective counsel at trial for failure to: (1) raise an argument as to his public official status and application of base level for racketeering; (2) investigate the City's policy of gifts in cash and counsel's failure to make post conviction motions as to evidence insufficiency; and (3) raise the issue of conflict of interest of this Court.

    This Court will deny Petitioner's Habeas Corpus Motion for reasons that follow. First counsel did raise an argument as to Petitioner's public official status and the Court decided the issue, thus it is improper as a basis for the present motion. Further, on Appeal the Court of Appeals for the Third Circuit held that each defendants' base offense level and guideline calculation by this Court was proper. Also, counsel properly decided against an investigation into a city policy permitting non-cash gifts since even if such a policy exists, it is irrelevant to aspects of Petitioner's conviction. Finally, counsel was not ineffective for failing to raise a conflict of interest argument since any interest of this Court would be, at best, very remote.

## BACKGROUND

James Smith ("Petitioner") was hired as a plumbing inspector for the city of Philadelphia on December 18, 1995. Between 1995 and 2000, Petitioner along with several other inspectors used their position as city officials to extort cash payments from plumbers. The inspectors would take cash offerings in exchange for timely and favorable inspections. Those plumbers who did not partake in this "custom" often endured unfavorable treatment or harassment by the inspectors. Between July 6 and July 27, 2000, Petitioner's city issued car was outfitted with court-ordered surveillance during the federal investigation of the city's inspectors. During this time period, Petitioner was videotaped repeatedly taking payments from plumbers in the city vehicle.

On March 19, 2002, thirteen (13) defendants, including Petitioner, were indicted on charges of violating RICO, 18 U.S.C. § 1962, and Hobbs Act extortion pursuant to 18 U.S.C. § 1951. After this Court denied several pretrial motions by the Defendants and following a five-week trial, a jury found all Defendants guilty of racketeering and several counts of Hobbs Act extortion on October 18, 2002.

On May 1, 2003, Petitioner was sentenced to thirty-months imprisonment, three-years supervised release, a $6,000 fine, and $900 special assessment. Petitioner and co-defendants were released on bail pending appeal. On April 20, 2005, in U.S. v. Urban, 404 F.3d 754 (3d Cir. 2005), the Third Circuit Court affirmed the Appellants' convictions but vacated and remanded under U.S. v. Booker, 543 U.S. 220 (2005) for re-sentencing. This Court, on March 7, 2006, resentenced Petitioner and his co-defendants. More specifically, the Petitioner's sentence

was reduced from 30 months to 24 months imprisonment, three-years supervised release, a $1,000 fine, and $900 special assessment. Several Defendants, including Petitioner, sought another review process. Petitioner, however, later withdrew his appeal and brought the instant habeas corpus petition pursuant to 28 U.S.C. § 2255.

## STANDARD OF REVIEW

A prisoner in custody under sentence of this Court who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (2006). Relief for a habeas corpus petition under 28 U.S.C. § 2255 is proper where judgment was made without jurisdiction, the sentence is not authorized by law, or the prisoner's constitutional rights have been infringed upon. Id. Accordingly, a district court may dismiss a motion brought under § 2255 without a hearing where the record shows conclusively that the movant is not entitled to relief. U.S. v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992).

## DISCUSSION

**A.     Petitioner's "Public Official" Status**

Petitioner's claim that his counsel was ineffective for failing to pursue an argument that he was not a public official is without merit. When determining whether a petitioner received reasonably effective assistance under the circumstances of the trial, the court must: (1) assess whether the alleged errors of the counsel were so serious that counsel did not perform the function guaranteed by the Sixth Amendment, and if so; (2) whether the petitioner has demonstrated a reasonable probability that the outcome of the proceeding would have been

3

different but for the counsel's ineffectiveness. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. <u>Id.</u> Furthermore, Petitioner must overcome the presumption that, under the circumstances, the challenged action is deemed sound trial strategy. <u>Id.</u> Petitioner's claim fails to meet the requirements of the <u>Strickland</u> test and therefore fails.

Petitioner's counsel performed his function as guaranteed by the Sixth Amendment and required under <u>Strickland</u>. While Petitioner does little to explain the relevance of the term "public official" to his allegations, it would seem he is arguing that in his role of plumbing inspector he was not a public official and therefore was unable to obtain money "under color of official right" and should not have been convicted under the Hobbs Act.[1] In short, there was sufficient evidence supporting the required elements of the Hobbs Act.[2] The Petitioner's counsel raised this issue at trial and on appeal. Therefore, Petitioner's claim that the counsel failed to do so at both the trial and appellate level is without merit.[3]

**B.     <u>The Court's Application Of An Allegedly Incorrect Base Offense Level.</u>**

Petitioner claims his counsel was ineffective, at trial and on appeal, for failing to pursue an argument that the racketeering base offense level should not have been used to calculate his

---

[1] However, Petitioner already raised this issue on appeal with his co-defendants when they argued that the evidence was insufficient to establish extortion under the color of official right. <u>U.S. v. Urban</u>, 404 F.3d 754 (3d Cir. 2005). The Third Circuit affirmed the district court's holding and the appeal was denied. <u>Id.</u>

[2] The government introduced substantial evidence that: (1) plumbers made payments to Appellants knowing that Appellants were public officials exercising governmental authority; (2) plumbers, knowing of the discretion in the plumbing code and desirous of punctual inspections, made payments in order to assure advantageous exercise of that government authority by Appellants; and (3) Appellants knew that the plumbers' payments were made for an improper purpose, i.e., the influencing of their governmental authority. This evidence squarely supports the showing required to prove extortion "under color of official right" as explained by the Supreme Court in <u>Evans</u>.

[3] Furthermore, the issue of whether the Petitioner's public official status was decided by the Court of Appeals.

4

sentencing guidelines. However, this claim lacks merit.[4] This issue was fully litigated at the time of the Petitioner's sentencing.[5] Counsel's decision to not pursue this issue fails the Strickland test for ineffective assistance. Even if Petitioner could show that a serious error occurred by counsel not raising the argument at trial or on appeal, which is the not the case here, Petitioner certainly fails the second prong in that there is no probability that raising this argument would alter the trial's outcome. Since Petitioner's counsel raised this issue at trial and on appeal (which was withdrawn) it is improper to raise it again here.

### C. Investigating The City's Policy

The Petitioner's claim that his trial counsel should have "investigated with respect to a city policy permitting gifts not in cash" lacked any relevance to his conviction. Petitioner received cash that was not due to him and was not charged or convicted of taking any other gifts. Even if such a city policy exists, it is irrelevant to the aspects of this conviction. Therefore counsel did not commit an error when not raising this issue and furthermore, the outcome would not have changed even if counsel so chose. The argument that Petitioner's counsel was ineffective for failing to raise this irrelevant matter is without merit and does not fulfill the Strickland test.

Petitioner argues that his counsel should have made post conviction motions relating to the sufficiency of the evidence at trial. Again, this claim was made on direct appeal to the Court of Appeals for Third Circuit. In Urban, the Court of Appeals held that evidence was sufficient to

---

[4] While Petitioner withdrew his second appeal on this matter, three defendants have raised the issue of whether an incorrect base offense level was used to calculate their sentencing guidelines. The Court of Appeals held that each defendants' base offense level and Guideline calculation by the district court was proper. Each defendant's base offense level was 19, which yielded a Guideline range of 30 to 37 months.

[5] Moreover, it was decided by the Court of Appeals.

establish RICO and Hobbs Act Extortion. U.S. v. Urban, 404 F.3d 754, 759-61 (3d Cir. 2005). Accordingly, it is improper to raise this same argument here.

**D.      Conflict Of Interest**

Petitioner claims his counsel was ineffective for not raising a conflict of interest claim. Petitioner argues that the Court should have recused itself because the Court's spouse represented a plumber who was previously investigated. Again, Petitioner's argument is meritless. A direct financial interest in a party or subject in controversy, not a remote or contingent one, is necessary for disqualification of a judge under 28 U.S.C. § 455. Plechner v. Widener College, Inc., 569 F.2d 1250 (3d. Cir. 1977). Petitioner fails to allege any financial interest by the Court. In fact, there is no evidence that this representation was known to the Court. Moreover, the client mentioned was an individual who was merely questioned by the authorities and such is insufficient to show a financial interest existed in the Petitioner's conviction.

Under 28 U.S.C. § 455, a judge may be disqualified if he or she has any "other interest" that may substantially affect the outcome of a proceeding. The Courts determine this provision based upon the remoteness of the interest and the extent of the interest. In re Beard, 811 F.2d 818 (4th Cir. 1987). Again, Defendant alleges that the Court's spouse represented a client who was previously under investigation by Federal authorities. This client matter was not before the Court and the Petitioner's conviction has no impact upon the Court's spouse, whether it be professional or personal. Petitioner does not allege any such interest. The only fact alleged is that the Court's spouse represented an individual who was previously under investigation. This argument lacks any basis to affirmatively establish conflict of interest of the Court.

### E.  The Certificate Of Appealability

The government, in response to the Defendant's petition, asserts that this Court should simultaneously deny the Defendant a certificate of appealability. Under 28 U.S.C. § 2253, an unsuccessful habeas petitioner should seek a certificate of appealability from the District Court prior to an appeal to the Court of Appeals. Santana v. U.S., 98 F.3d 752, 757 (3d Cir. 1996). A petitioner must demonstrate a substantial showing of the denial of a constitutional right to obtain a certificate. Id. Therefore the claim must be of a constitutional nature and one that a reasonable person would find to be in error. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, Petitioner has failed to show any denial of his constitutional rights. His counsel at trial and on appeal provided effective legal counsel and no conflict of interest existed in this matter. The claim lacks any grounds for which a reasonable jurist could find the court's decision to be in error. It therefore follows that Petitioner's claim does not meet the standard and a certificate of appealability should be denied.

### CONCLUSION

Under 28 U.S.C. § 2255, the Petitioner's Habeas Corpus motion is denied. This Court will deny a certificate for appealability based upon the Petitioner's failure to make a substantial showing of a denial of any constitutional right in this motion. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES F. SMITH,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

CIVIL ACTION
NO. 07-451

CRIMINAL ACTION
NO. 02-165

FILED
SEP 04 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

ORDER

AND NOW, on this 21st day of August 2007, upon careful consideration of the pleadings and record herein, and after review of Petitioner's Habeas Corpus Petition to Vacate/Set Aside/Correct Sentence Pursuant to U.S.C. § 2255 (Doc. 465), and the Government's Response (Doc. 468), **IT IS HEREBY ORDERED AND DECREED** that Petitioner's Habeas Petition, pursuant to 28 U.S.C. § 2255, is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability, pursuant to 28 U.S.C. § 2253, is **NOT GRANTED** and that the Clerk of the Court shall mark this case as **CLOSED**.

BY THE COURT:

_Petrese B. Tucker_
Hon. Petrese B. Tucker, U.S.D.J.